308 So.2d 605 (1975)
Monroe LOSNER, Appellant,
v.
The FIRST NATIONAL BANK OF HOMESTEAD, a United States Banking Institution, et al., Appellees.
No. 74-1306.
District Court of Appeal of Florida, Third District.
January 28, 1975.
Rehearing Denied March 12, 1975.
Aronovitz & Weksler, Miami, for appellant.
Helliwell, Melrose & DeWolf and William E. Sadowski, Miami, for appellees.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
This is an interlocutory appeal from a partial final summary judgment by appellant, plaintiff in the trial court, in which plaintiff sought a declaratory judgment of the parties' respective rights, duties and obligations under a trust agreement hereinafter referred to as the Losner Trust.
The two salient issues raised by the plaintiff are whether the Losner Trust *606 is a voting trust and, therefore, is subject to a statutory ten year limit on the duration of its life, and whether the court erred in entering a summary judgment where it is alleged in the complaint that the trustee violated his fiduciary duty to the detriment and damage of the plaintiff, and beneficiary. The trial court held that the Losner Trust is not a voting trust within the meaning of § 608.43, Fla. Stat. We agree. One of the decisive factors in such determination is that by the very terms of the statute, trustees under the terms of the voting trust agreement shall not acquire legal title to the stock, but shall be vested only with the legal right and title to the voting power which is incident to the ownership of the stock. Examination of the Losner trust, discloses that it grants legal title from the settlor to the trustee, Paul Losner, and equitable title to the beneficiaries, one of such beneficiaries being the plaintiff.
The thrust of plaintiff's second issue centers around his contention that Paul Losner, as trustee, breached his fiduciary duty because Paul was, by virtue of the provisions of the trust agreement, in a position to purchase plaintiff's stock at book value while he allegedly made secret efforts to negotiate a sale to third parties of such stock at market value and thus realize a substantial profit. There is no evidence in the record that the stock sought to be purchased from the plaintiff by the defendant trustee was sold to any third party. Assuming arguendo that such sale had taken place or was about to take place, the trust instrument gave Paul Losner the right to purchase the stock at book value. On this basis there is no breach of fiduciary relationship.
Although there appear to be no Florida cases on point, other jurisdictions have tackled similar questions, and our result is consistent with results reached by those courts. A Michigan court has stated that trustees should be permitted to purchase trust assets, consisting of shares of corporate stock, at a price equal to the book value of the stock on the date of purchase, where the trust document so provided. Re Krause's Estate, 19 Mich. App. 155, 172 N.W.2d 468, 39 ALR3d 828 (Mich. App. 1969). We note that when that decision was rendered, a Michigan statute prohibiting self-dealing by a trustee was in force. The Florida statutes contain no such prohibition. A second example is Rosencrans v. Fry, 12 N.J. 88, 95 A.2d 905 (1953), wherein it was provided that a trustee could purchase stock which was part of the trust corpus at "par value of $25.00 per share." At the time the trustee elected to exercise his option, the book value of the shares had almost doubled. Nevertheless, the court affirmed the trustee's right to purchase the stock pursuant to the provisions of the will.
In conclusion, we find that there is no ambiguity in the trust instrument, nor is there genuine issue of material fact presented before the court which precludes entry of a summary judgment. Therefore, the summary judgment was properly granted by the trial court.
Affirmed.